IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MIKHAEL CHARLES DORISE,** | ) | |
|     Petitioner, | ) | Civil Action No. 7:12cv00029 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CHRISTOPHER ZYCH,** | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Petitioner Mikhael Charles Dorise, a federal inmate incarcerated at the United States Penitentiary – Lee County and proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dorise claims that he is actually innocent of his career offender status. Upon review of the petition, the court concludes that Dorise has failed to demonstrate entitlement to relief under § 2241 and, therefore, dismisses his petition.

## I.

On May 28, 2004, following a four-day trial during which Dorise represented himself[1], a jury found Dorise guilty of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); of the use, carrying, or brandishment of a firearm during the commission of a violent felony, in violation of 18 U.S.C. § 924(c); and of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).[2] On October 26, 2004, the trial court sentenced Dorise to a total term of 411 months of incarceration. Over Dorise's objection, the court concluded that Dorise had previously committed two prior "crimes of violence" subjecting him to the career offender enhancement found in U.S.S.G. § 4B1.1.[3] On January 17, 2006, the Fifth Circuit

---

[1] Dorise rejected three separate court-appointed attorneys.

[2] On May 24, 2002, Dorise, armed with a pistol, forced his way into the Guaranty Bank in La Marque, Texas, just prior to its opening, threatened three bank employees at gunpoint, forced them to give him approximately $180,000.00, locked them in the bank's vault, and then fled in a truck belonging to one of the employees. United States v. Dorise, No. 3: 02-CR-10-1 (S.D. Tex. 2002). Dorise was capture shortly after the robbery. Id.

[3] Specifically, Dorise was convicted of two separate robberies, one in 1992 and another in 1994.

affirmed Dorise's conviction and sentence.[4] On October 6, 2006, the Supreme Court of the United States denied Dorise's petition for writ of certiorari.

More than two years later, on November 4, 2008, Dorise filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. United States v. Dorise, No. 3: 02-CR-10-1 (S.D. Tex. 2002). On June 29, 2009, the district court denied Dorise's § 2255 motion as untimely filed. Alternatively, the district court also noted that Dorise's claims were either procedurally barred, not cognizable in a § 2255 proceeding, or unavailing. Both the district court and the United States Court of Appeals for the Fifth Circuit denied Dorise's request for a certificate of appealability.

Since filing his § 2255 motion, Dorise has sought permission from the Fifth Circuit to file a second or successive § 2255 motion on three occasions, all of which the Fifth Circuit has denied. In re: Mikhael Dorise, No. 10-40605 (5th Cir. 2011) (slip op. of Aug. 31, 2010); In re: Mikhael Dorise, No. 10-41020 (5th Cir. 2011) (slip op. of Dec. 14, 2010); In re: Mikhael Dorise, No. 11-40099 (5th Cir. 2011) (slip op. of Mar. 14, 2011). Dorise has also filed two § 2241 petitions in two separate district courts, the Eastern District of Kentucky and the Western District of Louisiana, both of which were also denied. In his two prior § 2241 petitions, Dorise raised substantially the same claim and both district courts found that Dorise's claim was not cognizable in a § 2241 petition.

In his instant § 2241 petition, Dorise contends that he is actually innocent of his career offender status because his 1992 conviction for a robbery in Galveston, Texas does not qualify as a prior "crime of violence" for purposes of a sentencing enhancement under U.S.S.G. § 4B1.1 in

---

[4] Dorise was represented by counsel on appeal and the only issue that Dorise raised was whether he was competent to waive his right to counsel.

light of the Supreme Court's recent decisions in <u>Johnson v. United States</u>, 130 S. Ct. 1265 (2010) and <u>Begay v. United States</u>, 553 U.S. 137 (2008).[5]

## II.

Ordinarily, a petition pursuant to 28 U.S.C. § 2255, not § 2241, is the appropriate vehicle for challenging a conviction or the imposition of a sentence,[6] unless a motion pursuant to § 2255 is "inadequate and ineffective" for those purposes.  <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000); 28 U.S.C. § 2255(e) (the "savings clause").  A motion pursuant to § 2255 is "inadequate and ineffective" to challenge the imposition of a sentence, and thus satisfies § 2255's savings clause, only when (1) settled law established the legality of the conviction or sentence at the time imposed; (2) after the prisoner has completed his appeal and first § 2255 motion, a change in substantive law renders the conduct for которого the prisoner was convicted no longer criminal; <u>and</u> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law made retroactively applicable to cases on collateral review.  <u>In re Jones</u>, 226 F.3d at 333-34.

"Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." <u>United States v. Poole</u>, 531 F.3d 263, 267 n.7 (4th Cir. 2008); <u>see also</u> <u>In re Jones</u>, 226 F.3d at 333-34; <u>White v. Rivera</u>, No. 3:08-3681, 2009 U.S. Dist. LEXIS 44397, 2009 WL 1456712, at *4 (D.S.C. May 21, 2009) ("[T]he Fourth Circuit has also noted that the savings clause does not give inmates who are only challenging their sentences, not their convictions, recourse under § 2241."). Instead, the relevant case law has

---

[5] Dorise's sentence was enhanced under U.S.S.G. § 4B1.1 because he had committed two prior "crimes of violence." The definition of that term in U.S.S.C. § 4B1.2(a) is identical to the term "violent felony" in the ACCA, 18 U.S.C. § 924(e)(2)(B), the provision at issue in <u>Begay</u> and <u>Johnson</u>.

[6] <u>See</u> <u>United States v. Little</u>, 392 F.3d 671 (4th Cir. 2004) ("[An] attack on the execution of [a] sentence and not a collateral attack on [a] conviction . . . [is] properly brought under 28 U.S.C.A. § 2241."). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." <u>In re Jones</u>, 226 F.3d 328, 332 (4th Cir. 2000) (citing 28 U.S.C. § 2241(a)).

"confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction," not just "innocence" of a sentencing factor. Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Dorise's petition does not indicate any respect in which his case meets the standard under In re Jones so as to qualify for consideration under § 2241. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." In re Jones, 226 F.3d at 333-34. Dorise does not assert that the conduct for which he was actually convicted-- robbery, use of a firearm during the commission of a crime of violence, or being a felon in possession of a firearm-- is no longer criminal. And clearly there has been no change in the law making it now legal to do any of these things. Accordingly, the court finds that Dorise fails to meet the In re Jones standard to show that § 2255 is inadequate to test the legality of his conviction and, therefore, his claim is not cognizable in a § 2241 petition.[7]

### III.

For the reasons stated herein, the court dismisses Dorise's § 2241 petition.

The Clerk is directed to send a certified copy of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER**: This 12th day of March, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[7] The court declines to construe Dorise's petition as a § 2255 motion. First, § 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain v. Pressley, 430 U.S. 372, 378 (1977). Second, Dorise has already filed a § 2255 motion in the Southern District of Texas and the United States Court of Appeals for the Fifth Circuit has already denied him permission to file a second or successive § 2255 motion three times. Accordingly, the court does not find that transfer of a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Therefore, this court declines to construe and transfer Dorise's petition.